**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INNA KHARTCHENKO,<br><br>        Plaintiff,<br><br>    v.<br><br>THE AMERICAN ONCOLOGIC<br>HOSPITAL, INC., *et al.*,<br><br>        Defendants. | Case No. 23–cv–23043–ESK–EAP<br><br><br>OPINION AND ORDER |

**THIS MATTER** having come before the Court on plaintiff's second amended complaint ((Second Am. Compl.) ECF No. 51); and the Court having entered an order directing the parties to address why this action should not be transferred (Order to Show Cause) (ECF No. 54); and plaintiff having submitted a letter brief in support of her position that venue is proper in the District of New Jersey (ECF No. 58 (Pl.'s Br.)); and defendants having filed a letter brief setting forth why this action should be transferred (ECF No. 59 (Defs.' Br.)); and the Court finding,

1.     Plaintiff commenced this action on July 11, 2023 by filing a complaint (ECF No. 1–1), which she amended on November 3, 2023 (ECF No. 1–3), in the Superior Court of New Jersey.   Plaintiff alleged that in violation of the New Jersey Conscientious Employee Protection Act (CEPA) and New Jersey Law Against Discrimination (NJLAD), defendants retaliated against her when terminating her in June 2023 (*id.* ¶ 159) for having "invoked her disability-leave rights and objected to the unlawful and discriminatory activity of her supervisors" (*id.* p.2).   Pursuant to 28 U.S.C. §1332(a), defendants removed this action to this Court on December 13, 2023.   (ECF No. 1.)

2.     On December 20, 2023, defendants filed a motion to dismiss the amended complaint for failure to state a claim. (ECF No. 5–2 p.5.) Defendants argued that plaintiff "may not assert CEPA or [NJ]LAD claims … because New Jersey was not her state of employment." (*Id.* p.9.)   On November 20, 2024, I granted defendants' motion to dismiss, but permitted plaintiff to file a second amended complaint.   (ECF No. 30.)   Because plaintiff sought to amend the amended complaint beyond the scope of my November 20, 2024 opinion (*see* ECF No. 42), plaintiff filed a motion for leave to file a second

amended complaint on March 28, 2025 (ECF No. 43).  Judge Elizabeth A. Pascal granted the motion for leave to file a second amended complaint in part and denied in part.  (ECF Nos. 49, 50.)  On October 16, 2025, plaintiff the second amended complaint, which asserts only one count under the Americans with Disabilities Act.  (Second Am. Compl.)[1]  On October 22, 2025, plaintiff filed an appeal of Judge Pascal's decision as to the motion for leave to file a second amended complaint. (ECF No. 53.)  On October 23, 2025, I administratively terminated the appeal and entered the Order to Show Cause. (ECF No. 54.)

3.    "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. §1404(a).  "A decision to transfer a case pursuant to Section 1404(a) is within the sound discretion of the district court."  *Zangara v. Nat'l Bd. of Med. Examiners*, No. 22–01559, 2023 WL 6533467, at *2 (D.N.J. Oct. 6, 2023), *appeal dismissed*, No. 23-2875, 2024 WL 1603161 (3d Cir. Feb. 9, 2024), and *appeal dismissed*, No. 24-2664, 2025 WL 1218188 (3d Cir. Apr. 28, 2025).  "Coupled with the district court's significant discretion in making transfer decisions is the court's right to transfer cases *sua sponte*."  *Id.*  In such situations, "the court should provide the parties with an opportunity to be heard."  *Id.*

4.    When deciding to *sua sponte* transfer a case, courts conduct a two-step analysis.  *Id.*  "First, the district court must determine whether the alternative venue is one in which the case might have been brought."  *Id.*  "This inquiry has two parts: (1) the Court must determine that venue would be proper in the transferee district, and (2) the Court must determine that the transferee district can exercise personal jurisdiction over all parties."  *Id.*  "Transfer under Section 1404(a) also presumes that venue is proper in the transferor district."  *Id.*  "If venue is proper and the transferee court would have personal jurisdiction, courts proceed to the second step of the analysis: assessing a set of 'private' and 'public' interests 'to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'"  *Id.* (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995)).  "The private interests include: (1) the plaintiff's forum preference; (2) the defendant's forum preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they may be unavailable for trial in one of the

---

[1] While plaintiff no longer asserts claims under CEPA and NJLAD, the second amended complaint still references these statutes.  (*See* Second Am. Compl. ¶¶ 33, 36.)

fora; and (6) the location of books and records." *Id.* "The public interests include: (1) the enforceability of the judgment; (2) practical considerations in making the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* "Though *Jumara* provided these factors to assess the appropriateness of transfer, 'there is no definitive formula or list of the factors to consider.'" *Id.* (quoting *Deibler, et al. v. Basic Research LLC*, et al., No. 119-20155, 2023 WL 6058866, at *3 (D.N.J. Sept. 18, 2023)).

5.    "ADA claims 'may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.'" *Grieco v. Alacrity Adjusting Sols., LLC*, No. 24–03024, 2025 WL 2712211, at *1 (E.D. Pa. Sept. 23, 2025) (quoting 42 U.S.C. § 2000e-5(f)(3)).   I find that the second amended complaint has little, if anything, to do with New Jersey.

6.    Plaintiff, a New Jersey resident, was hired by defendants American Oncologic Hospital, the Fox Chase Cancer Center, and the Temple Health System, Inc., "nonprofit corporation[s] organized and existing under the laws of … Pennsylvania with … main business address[es]" in Philadelphia.   (Second Am. Compl. ¶¶ 1–5.)   For the first six years of employment, plaintiff worked on-site.   (*See* ¶ 65.)   Then in 2013, plaintiff began "work[] on a hybrid remote … schedule from her home in New Jersey."   (*Id.*)   With the start of the COVID-19 pandemic in March 2020, plaintiff and everyone within her department transitioned to a fully remote work schedule.   (*Id.*)   In March 2022, defendants gave plaintiff and her department the option between a "remote, hybrid, or on-site working arrangement, and the entire department continued to work remotely."   (*Id.* ¶ 70.)   Given plaintiff's husband's "severely immunocompromised" state, plaintiff was "incredibly grateful" that her "remote work arrangements were approved through June 2023" by her then supervisor.   (*Id.* ¶¶ 69–71.)

7.    In January 2023, plaintiff underwent surgery and her "work-from-home arrangement was essential to her ability to continue working during her recovery."   (*Id.* ¶ 63, 73.) Sangeeta Cook replaced plaintiff's former supervisor, and she implemented a plan to revoke plaintiff's work-from-home arrangement.   (*Id.* ¶¶ 69, 76, 84, 98.)   Since plaintiff had reported Cook for discrimination, plaintiff argues that defendants retaliated against her

terminating plaintiff from her position. (*Id.* ¶¶ 34, 160.) Throughout this time, plaintiff was working from and communicating to defendants from New Jersey. (*Id.* ¶ 30.)

8.  Plaintiff argues that venue is proper in New Jersey, because "but for [d]efendants' unlawful conduct, she would have continued to work in New Jersey." (Pl. Br. pp. 2, 3.) Plaintiff was, however, hired to perform work in Pennsylvania. (*See generally* Second Am. Compl.; Defs.' Br. pp. 2, 4.) The fact that plaintiff worked from and communicated with defendants from her home in New Jersey is insufficient to establish New Jersey as the proper venue. *Grieco, LLC*, No. 24–03024, 2025 WL 2712211, at \*2. Plaintiff does not assert that defendants made any decisions related to her assignment, or remote work schedule in New Jersey. *Grieco, LLC*, No. 24–03024, 2025 WL 2712211, at \*2. Rather, defendants made such decisions from their corporate headquarters in Philadelphia, Pennsylvania. (Defs.' Br. p. 2.) Defendants also maintained its employment records in Pennsylvania. (*Id.*) Beyond plaintiff's mere presence in New Jersey, every event set forth in the second amended complaint occurred in Pennsylvania. *See Colon v. Pitney Bowes Corp.*, No. 06–05016, 2007 WL 496875, at \*3 (D.N.J. Feb. 8, 2007) (finding that because the relevant events, including communications with human resources, occurred in Connecticut the ADA, NJLAD, and civil rights claims underlying this action did not arise in the plaintiff's home-state).

9.  Private and public interest factors favor transfer of this action. *See Jumara*, 55 F.3d at 878. Although plaintiff "chose to bring this action in New Jersey, her choice of forum is entitled to less deference because a substantial part of the events and operative facts in this action did not occur in New Jersey." *Colon*, 2007 WL 496875, at \*3. Plaintiff's "preference for maintaining this action in the District of New Jersey does not weigh heavily against transfer." *Id.* Most, if not all, all of the witnesses and documents that would substantiate or refute plaintiff's claims are located in Pennsylvania. (Defs.' Br. p. 4.) *See Colon*, 2007 WL 496875, at \*4. While neither Pennsylvania nor New Jersey appear to have a local interest in deciding this action, practical considerations indicate that Pennsylvania is the more appropriate forum. *See id.*

Accordingly,

**IT IS** on this  **10th** day of **November 2025  ORDERED** that:

1.  This action be **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania.

5

2.    The Clerk of the Court is directed to designate this action as **closed.**


_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**